UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

SHAWN LEE FOOTE #376180,          )
                                  )
       Plaintiff,                 )
                                  )
v.                                )    No. 1:06-cv-25
                                  )    *Edgar*
STATE OF TENNESSEE;               )
HAMILTON COUNTY, TENNESSEE;       )
CHATTANOOGA POLICE DEPT.;         )
CHIEF STEVEN PARKS;               )
OFFICER JOHN DOES; and            )
OFFICER PHILLIP MOSER,            )
                                  )
       Defendants.                )

### MEMORANDUM

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action will be **DISMISSED WITHOUT PREJUDICE**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002). *See also Curry v. Scott*, 249 F.3d

493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint contains a litany of allegations concerning his arrest and detention in Chattanooga, Tennessee. Plaintiff does not state whether he filed any grievances concerning his allegations, and he did not attach copies of any such grievances. Thus, plaintiff has not shown that he has exhausted all available remedies.

Accordingly, plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e. The Court **CERTIFIES** that any appeal

from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of **$250.00**. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, P.O. Box 591, Chattanooga, Tennessee 37401, as an initial partial payment, whichever is greater of:

>  (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*
> 
>  (b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of two hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum to the Warden of the Brushy Mountain Correctional Complex, the Commissioner of the

Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this memorandum to the Court's financial deputy.

      An order will enter.

                                             */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE